UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRADLEY NIEMANN,                     )
                                     )
            Petitioner,              )
                                     )
      v.                             )          CAUSE NO. 3:17-CV-968-JD-MGG
                                     )
WARDEN,                              )
                                     )
            Respondent.              )

## OPINION AND ORDER

Bradley Niemann, a prisoner without a lawyer, filed a habeas corpus petition

challenging a disciplinary hearing (WCC 15-03-152) where a Disciplinary Hearing

Officer (DHO) found him guilty of trafficking in violation of Indiana Department of

Correction (IDOC) policy A-113 on March 11, 2015.  ECF 1 at 1.  As a result, he was

sanctioned with the loss of 180 days earned credit time and a one-step demotion in

credit class.  *Id*.  However, after Niemann filed his petition with this court and stated

why he thought the DHO was wrong, the IDOC's Final Reviewing Authority

reconsidered Niemann's appeal and reduced his offense from trafficking (A-113) to

bribing/giving (B-233) because he possessed a thing of value—a protein shake mix—

without proper authorization.  ECF 6-10 at 1.  His 180 days earned credit time

deprivation was reduced to 90 days, but his other sanctions remained the same.  *Id*.  The

Warden has filed the administrative record and Niemann has filed a traverse.  Thus,

this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is

not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Niemann was originally charged with and found guilty of trafficking in violation of IDOC offense A-113. ECF 6-7 at 1. Specifically, IDOC offense A-113 prohibits inmates from "[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility." Indiana Department of Correction, Adult Disciplinary Process, Appendix I. http://www.in.gov/idoc/files/ 02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. However, on February 20, 2018, the IDOC's Final Reviewing Authority reconsidered Niemann's appeal and modified the charge from trafficking (offense A-113) to bribing/giving (B-233) because he possessed a thing of value without proper authorization. ECF 6-10 at 1. IDOC offense B-233 prohibits inmates from "[g]iving or offering a bribe or anything of value to a staff member, authorized volunteer, visitor or contractor or possessing, giving to or accepting from any person anything of value without proper authorization." Appendix I, *supra*.

The Conduct Report charged Niemann as follows:

On the above date and approximate time, I, Sgt. C. Sipich, along with Ofc. M. Edwards were inventorying Offender Niemann's #252188 property. Inside his property box I found a "Universal Super Whey Pro." This is a protein shake mix. After some investigation, it was confirmed this item cannot be obtain thru commissary or "I Care."

ECF 6-1 at 1.

Officer Edwards provided the following witness statement regarding the incident: "Along with Sgt. C. Sipich, we were inventorying offender Niemann's #252188 property. Sgt. Sipich found inside his property box 'Universal Super Whey Pro.' This is a protein shake mix." ECF 6-2 at 1. This evidence was then confiscated and sent to the prison's internal affairs office. ECF 6-3 at 1. Two photographs documented the discovery of the protein shake mix. ECF 6-4 at 1-2.

On March 11, 2015, the DHO held a hearing in case WCC 15-03-152. ECF 6-7 at 1. At that time, Niemann provided the following statement: "I don't have anything to say." *Id*. After considering the evidence, the DHO found Niemann guilty of trafficking in violation of offense A-113. *Id*.

In his petition, Niemann asserts there was insufficient evidence for the DHO to find him guilty of violating offense A-113. ECF 1 at 2. In this regard, he explains the "[c]onduct report does not establish trafficking as defined by law or prison rules of conduct." *Id*. In the return to the order to show cause, the Respondent concedes this point and states: "Niemann is correct that the evidence did not support that he was guilty of offense A-113, trafficking." ECF 6 at 6. However, at the same time, the Respondent contends there is sufficient evidence to sustain the modified charge—B-233—possessing a thing of value without proper authorization. *Id*. The Respondent explains the B-233 criteria was satisfied because the shake mix was found in Niemann's property box and could not be purchased at the commissary or through "I Care." *Id*. at

6-7. Furthermore, the Respondent states that Niemann was properly notified of the new charge because the facts from the trafficking charge gave him notice that he could be charged with the modified bribing/giving charge. *Id*. at 5.

A crucial issue and one that is central to the court's due process analysis is whether Niemann was properly notified of the new charge against him. Prisoners are entitled to advance notice of the charges against them. *Wolff*, 418 U.S. at 563-64. This requirement is satisfied so long as the underlying basis of the charge was adequate to give the prisoner notice of the allegations against him. *Northern v. Hanks*, 326 F.3d 909, 910 (7th Cir. 2003). However, that is not what happened in this case. While Niemann was properly notified of the original charge of trafficking (A-113) when he received the screening report (ECF 6-5 at 1) and conduct report (ECF 6-1 at 1), he was not notified of the new charge until after he received the letter from the Final Reviewing Authority on February 20, 2018. ECF 6-10 at 1. In fact, this change in the charge did not occur until almost two months *after* Niemann filed the petition in this case. ECF 1 at 1, 6-10 at 1. Thus, after seeing Niemann's argument in this case, the Respondent modified the charge to something very different.

However, the Respondent asserts Niemann did have notice of the modified charge and *Northern v. Hanks* is dispositive here. ECF 6 at 5. This is because the facts in the conduct report put Niemann on sufficient notice of the charge and gave him the information he needed to defend against a charge of possessing something of value without proper authorization. *Id*. In *Northern*, the petitioner was charged with

conspiracy and bribery in connection with an investigation revealing that he and two other inmates were smuggling tobacco into the facility. 326 F.3d at 909-10. Prior to the hearing, he was given a copy of the investigation report detailing the factual basis for the charges. *Id.* at 910. The investigation report described a scheme whereby a staff member brought tobacco into the facility and hid it in a place that Northern could access. *Id.* At the disciplinary hearing, Northern was found guilty of conspiracy. *Id.* Northern appealed, and the reviewing authority determined that the facts more appropriately supported a finding that Northern had committed "attempted trafficking." *Id.* They modified the charge accordingly. *Id.*

Northern then filed a federal habeas corpus petition claiming that the reviewing authority's action violated his due process rights because it denied him adequate notice of the charge and prevented him from mounting an appropriate defense. 326 F.3d at 910. The Seventh Circuit rejected this argument, relying on the fact that Northern had been given a copy of the investigation report, which "inform[ed] him of the facts underlying the charge." *Id.* The Seventh Circuit concluded, "Because the factual basis of the investigation report gave Northern all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive Northern of his due process rights." *Id.* at 911 (citing *Holt v. Caspari*, 961 F.2d at 1370, 1373 (8th Cir. 1992) (finding prison disciplinary committee did not deny due process by elevating charge from "possession of contraband" to "possession of dangerous contraband" because the factual basis for both charges was the same)). In other words,

when an inmate is sufficiently notified of the factual basis for a charge, he is also on notice that he could face another charge based on the same set of facts. *Id*.

This case is different from *Northern*. In *Northern*, the modified charge related directly to the same set of facts as the original charge for which the petitioner had received notice. In this case, the factual basis for the new charge of possessing something of value without proper authorization, is very different from the factual basis for the original charge of trafficking. The elements or facts underlying the original charge pertain to Niemann's alleged activities related to trafficking contraband into the prison with someone who is not an offender residing in the same facility. On the other hand, the elements or facts underlying the new charge pertain to Niemann's possessing or accepting something of value without proper authorization—a protein shake mix which was found in his property box in his cell. True, both offenses involve the possession of a prohibited item. But the original charge focuses on trafficking while the revised charge focuses merely on possession. Given the difference in these critical elements one cannot say that Niemann's defense would not have changed under these circumstances. Because the factual basis for the two charges are very different, Niemann's due process rights were violated because he did not receive appropriate notice of the new charge and, as a consequence, could not mount a proper defense against the charge. *Hill v. Hobart*, No. 06-C-57-C, 2006 WL 768521, *6-7 (W.D. Wis. Mar. 23, 2006) (granting habeas relief where petitioner was not on notice that he would have to defend himself against a different charge); *Evans v. Deuth*, 8 F.Supp.2d 1135, 1137

(N.D. Ind. 1998) (granting habeas relief based on lack of notice where screening report stated the charge was "giving anything of value," but that charge was crossed out on the disciplinary report and replaced with the charge of "extortion.").

As discussed *supra*, Niemann did not receive notice of the new charge until almost two months after he filed his petition with this court. ECF 1 at 1, 6-10 at 1. Therefore, because Niemann was entitled to notice of the factual allegations of the new charge at least 24 hours before the hearing but did not receive it, he is entitled to habeas corpus relief in this case. *Wolff*, 418 U.S. at 564.

For these reasons, the habeas corpus petition is GRANTED. The Warden is ORDERED to file documentation by **February 28, 2019**, showing that the guilty finding in WCC 15-03-152 has been vacated and that any earned credit time or demotion in credit class that Niemann lost because of the guilty finding is restored.

SO ORDERED on January 29, 2019

_____/s/ JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT